

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00344-CR

SONYE SHIELDS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Donley County, Texas
Trial Court No. 3852, Honorable Stuart Messer, Presiding

June 23, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Sonye Shields, entered a negotiated plea of guilty to the offense of possession of a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams.[1]  Pursuant to the plea agreement, appellant was placed on deferred adjudication community supervision for a period of five years and ordered to pay a fine of $3000 plus all costs of court.  Subsequently, the State filed an original and first amended application to adjudicate appellant guilty.  Appellant entered a plea of "Not

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010).

True" to the allegations contained in the first amended application to adjudicate. After hearing the evidence, the trial court found that two allegations were true and adjudicated appellant guilty. Following a hearing on the issue of punishment, the trial court assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for 20 years. Appellant has perfected her appeal and we will affirm.

Appellant's attorney has filed an *Anders* brief and a motion to withdraw. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744-45. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the *Anders* brief and motion to withdraw and appropriately advised appellant of her right to file a *pro se* response in this matter. *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). The Court has also advised appellant of her right to file a *pro se* response. Additionally, appellant's counsel has certified that he has provided appellant with a copy of the record to use in preparation of a *pro se* response. *See Kelly v. State,* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Appellant has filed no response.

By his *Anders* brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any

2

arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.[2]

Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish.

---

[2] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.